**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **CAPREF Lloyd Center East LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **81-3591920** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **4514 Travis Street, Suite 208** <br> **Dallas, TX 75204** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Dallas** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify: _____

| Debtor | CAPREF Lloyd Center East LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__53__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

| Debtor | **CAPREF Lloyd Center East LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | _____ | | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 – $50,000 | ■ $1,000,001 – $10 million | ☐ $500,000,001 – $1 billion |
| ☐ $50,001 – $100,000 | ☐ $10,000,001 – $50 million | ☐ $1,000,000,001 – $10 billion |
| ☐ $100,001 – $500,000 | ☐ $50,000,001 – $100 million | ☐ $10,000,000,001 – $50 billion |
| ☐ $500,001 – $1 million | ☐ $100,000,001 – $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 – $10 million | ☐ $500,000,001 – $1 billion |

| Debtor | CAPREF Lloyd Center East LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **CAPREF Lloyd Center East LLC**                                  Case number (*if known*) _____
         Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December  4, 2023**
                 MM / DD / YYYY

**X**  */s/ Todd Minnis*                                                **Todd Minnis**
        Signature of authorized representative of debtor                   Printed name

        Title  _____

**18. Signature of attorney**

**X** */s/ Gregory A. Taylor*                                 Date  **December  4, 2023**
        Signature of attorney for debtor                              MM / DD / YYYY

        **Gregory A. Taylor, Esq.**
        Printed name

        **Ashby & Geddes, P.A.**
        Firm name

        **500 Delaware Avenue, 8th Floor**
        **P.O. Box 1150**
        **Wilmington, DE 19801**
        Number, Street, City, State & ZIP Code

        Contact phone   **302-654-1888**        Email address  **gtaylor@ashbygeddes.com**

        **4008 DE**
        Bar number and State

## CAPREF LLOYD CENTER EAST LLC

### Action by Written Consent of Sole Member

October 30, 2023

The undersigned (the "Member"), being the sole member of CAPREF LLOYD CENTER EAST LLC, a Delaware limited liability company (the "Company"), acting pursuant to the organizational documents of the Company and applicable law, hereby resolves, agrees and consents to the following resolutions:

I.    CHAPTER 11 CASE AUTHORIZATION

WHEREAS, the Member has reviewed and had the opportunity to ask questions about the materials presented by the legal advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

WHEREAS, the Member has had the opportunity to consult and confer with the legal advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Member desires to approve the following resolutions:

NOW, THEREFORE, BE IT RESOLVED, that the Member has determined, in consultation with the legal advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and be it further

RESOLVED, that the Company is hereby authorized to commence a case under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in such form and at such time as the Company shall determine; and be it further

RESOLVED, that the Company is hereby authorized to obtain the use of cash collateral, or to borrow additional funds, either as a debtor in possession under Chapter 11 of the Bankruptcy Code or otherwise, and the Company is hereby authorized and instructed to negotiate and agree with potential lenders as to the terms and amounts of any such cash collateral use or further borrowings and to grant such security interests in, or liens on the assets of the Company, and to execute and deliver appropriate agreements for such use of postpetition financing in connection with the Bankruptcy Case, including the granting of liens to any such lender(s) to such agreement(s), and to take such additional action and execute and deliver such other agreements, instruments, or documents proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and

additions thereto as the Company may deem necessary or proper in connection with such further borrowings; and be it further

RESOLVED, that the Company is authorized to retain the law firm of Ashby & Geddes, P.A., located at 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801, as bankruptcy counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the Company is authorized to retain the law firm of Lane Powell PC, with offices located at 601 S.W. Second Avenue, Suite 2100, Portland, Oregon 97204 as corporate counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the Company is authorized and directed to employ any other firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and cause to be filed an appropriate application for authority to retain the services of such firm(s); and it is further

RESOLVED, that the Company be, and it hereby is, authorized and empowered to enter into that certain *DIP Loan Commitment Term Sheet* (the "Credit Agreement"), with Keystone Real Estate Lending Fund L.P. ("Keystone") as lender and as agent, to borrow under the Credit Agreement at such times and in such amounts as the Company shall deem necessary or advisable and as shall be permitted by the terms of the Credit Agreement and to consummate all the other transactions contemplated by the Credit Agreement, including without limitation, to grant first priority priming liens and security interests in, and to pledge, mortgage or grant deeds of trust with respect to, its right title and interest in and to its properties and assets to the extent required to secure its and Keystone's obligations under the Credit Agreement and to grant superpriority claim status with regard thereto; and be it further

RESOLVED, that the Company is authorized to negotiate, execute and deliver the Credit Agreement in the name of the Company in the form and upon the terms and conditions as the Company may approve, and to perform the Company's obligations thereunder, including the payment of any fees and expenses related thereto, and to take all actions in accordance therewith that any of them may deem necessary or advisable to consummate the transactions contemplated thereby, and the actions of the Company in negotiating the terms of, and in executing and delivering, the Credit Agreement, and any other action taken in connection therewith is hereby ratified confirmed, approved and adopted; and be it further

RESOLVED, that the Company is authorized and empowered to execute and deliver any amendment (including amendments increasing the amount of credit available under the Credit Agreement and/or extending the maturity of the same), amendment and restatement or other modification to the Credit Agreement (each, an "Amendment"), such approval to be conclusively evidenced by the execution and delivery thereof; provided, however, that any such Amendment

shall remain subject to further Member approval to the extent required under the Company's existing delegations of authority and/or corporate governance practices and procedures; and be it further

RESOLVED, that the Company is authorized, empowered, and directed to execute, verify and/or file, or cause to be filed and/or executed or verified and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements, and papers; and to take any and all actions that the Company deems necessary or appropriate, each in connection with the Chapter 11 Cases, or any cash collateral usage contemplated thereby, with a view to the successful prosecution of the Chapter 11 Case.

II.    APPOINTMENT OF OFFICER

WHEREAS, the Member has determined that it is desirable and in the best interests of the Company to appoint Jack Shaw as Vice President of the Company; and

WHEREAS, the Member desires to approve the following resolutions:

RESOLVED, that, effective as of the date of this written consent, Jack Shaw is hereby appointed as Vice President of the Company to serve until his successor is duly elected or appointed and qualified or until his earlier death, resignation, or removal.

III.    MANAGEMENT AGREEMENT AUTHORIZATION

WHEREAS, the Member has determined, in consultation with the legal advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest in the Chapter 11 Case to enter into a management agreement with certain of the Company's officers, Jack Shaw and Todd Minnis;

WHEREAS, pursuant to Section 3.3 of the Company's Operating Agreement, dated August 23, 2016, as amended (the "Operating Agreement"), officers are not entitled to receive separate compensation from the Company for serving as officers or agents of the Company;

WHEREAS, Section 11.3 of the Operating Agreement provides that any term of the Operating Agreement may be waived with the written consent of the Member; and

WHEREAS, the Member desires to approve the following resolutions:

RESOLVED, that the management agreement in substantially the form attached hereto as Exhibit A (the "Management Agreement") be, and it hereby is, authorized and approved for use as an agreement between the Company and its officers, Jack Shaw and Todd Minnis; and be it further

RESOLVED, the Member hereby waives Section 3.3 of the Operating Agreement with respect to the Total Compensation (as defined in the Management Agreement) to be paid to Jack Shaw and Todd Minnis pursuant to the terms of their respective Management Agreements; and be it further

RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed, in the name and on behalf of the Company, to enter into the Management Agreement with Jack Shaw and Todd Minnis.

THIS ACTION by written consent may be executed in one or more counterparts, and each signatory hereto may sign on a separate counterpart, each of which shall be deemed an original and all of which, when taken together, shall constitute one instrument. Signature pages may be detached from the counterparts and attached to a single copy of this Action to physically form one document. Facsimile signature pages will be acceptable and shall be conclusive evidence of execution.

IN WITNESS WHEREOF, this Action is executed effective as of the date first written above.

**SOLE MEMBER:**

CYPRESS REIT, LLC,
a Delaware limited liability company

By: Todd Minnis
Title: Authorized Signatory

By: Jack Shaw
Title: Authorized Signatory

## EXHIBIT A

MANAGEMENT AGREEMENT

(*Attached*)

## MANAGEMENT AGREEMENT

This Management Agreement ("**Agreement**") is entered into as of October 30th, 2023 (the "**Effective Date**"), between CAPREF Lloyd Center East, LLC, a Delaware limited liability company ("**Company**"), and Todd Minnis ("**Minnis**").

WHEREAS, Company intends to commence a chapter 11 proceeding (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

WHEREAS, Minnis shall provide Company certain management services and assistance in connection with the preparation and administration of the Company's Chapter 11 Case.

NOW, THEREFORE, in consideration of the mutual promises herein set forth, Company and Minnis agree as follows:

1.     **Appointment; Duties**. Company hereby engages Minnis to provide the services set forth on Exhibit A (the "**Services**"), and Minnis hereby accept such engagement.

2.     **Compensation**. Company will compensate Minnis for the Services herein for a total of One Hundred Thousand and 00/100 Dollars ($100,000) (the "**Total Compensation**"), with Fifty Thousand and 00/100 Dollars ($50,000) paid on the Effective Date and the remaining Fifty Thousand and 00/100 Dollars ($50,000) paid upon the Bankruptcy Court's final approval of debtor-in-possession financing in the Chapter 11 Case (the "**DIP Financing Approval**"). Additionally, if the Bankruptcy Court does not confirm the Company's chapter 11 plan on or before August 1, 2024, then the Company will compensate Minnis at a rate of Ten Thousand Five and 00/100 Dollars ($10,000) per month through the month the Bankruptcy Court confirms the Company's chapter 11 plan. All amounts paid hereunder are earned upon receipt.

3.     **Term**. This Agreement will begin on the Effective Date and continue until the effective date of the Company's confirmed chapter 11 plan (the "**Term**"), unless terminated earlier by Company. In exchange for the amounts set forth above, Minnis shall provide the Company with the Services through the Term.

4.     **Termination**. This Agreement may be terminated at any time by Company upon written notice to Minnis.

5.     **Compliance with Laws**. Minnis shall comply with all applicable laws and regulations in connection with the performance of Services hereunder.

6.     **Nondisclosure of Confidential Information**. Minnis acknowledges that in the course of providing the Services, Company will likely provide him with access to certain trade secrets and other confidential or proprietary information of Company or Company's suppliers, vendors or business partners. During the Term, and for all time thereafter, Minnis must not use for the benefit of anyone other than Company, or disclose to any third persons except as necessary in furtherance of his performance of the Services, any trade secret or other confidential or proprietary

information of Company or Company's suppliers, vendors or business partners, scientific or technical information, designs, processes, procedures, formulae, improvements, business plans, financial information and product information (including lists of potential acquirers and pricing information) (collectively, "**Company Confidential Information**").

      7.      **Return of Property**. Promptly upon the request of Company, Minnis must return to Company all Company Confidential Information in Minnis' possession and all electronic records containing any Company Confidential Information residing on any computers, storage devices, or other electronic devices in Minnis' possession must be deleted and Minnis must certify in writing to Company that such return(s) and deletion(s) have occurred.

      8.      **Governing Law; Venue**. The rights and obligations of the parties under this Agreement are governed by the local, domestic law of the State of Delaware, and the parties hereto irrevocably commit to the jurisdiction of the State of Delaware and the Bankruptcy Court in any action brought by the parties hereto concerning this Agreement or the performance thereof.

      9.      **Assignment**. Minnis may not assign any rights or delegate the performance of any duties under this Agreement without the prior written consent of Company, which consent may be withheld by Company for any or no reason at all. Company may assign this Agreement upon written notice to Minnis.

      10.      **Entire Agreement**. This Agreement represents the entire agreement of the parties with respect to the subject matter of this Agreement and supersedes any prior agreements or understanding.

      11.      **Severability; Equitable Relief**. If any provision of this Agreement is held invalid or unenforceable by final order of any court with jurisdiction over the parties hereto and the subject matter hereof, then such invalidity or unenforceability will not affect the remainder of the provisions hereof.

      12.      **Waiver**. No failure by Company to enforce any of the terms and conditions of this Agreement will, at any time, effect, limit, or waive Company's right thereafter to enforce the terms and conditions hereof.

      13.      **Notices**. All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given: (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the following addresses (or at such other address for a party as shall be specified in a notice given in accordance with this Section 13):

           **If to Company**:              Jack Shaw

                                        8333 Douglas Avenue, Suite 975
                                        Dallas, TX 75225
                                        jack.shaw@arrow-cre.com

            **If to Minnis**:            Todd Minnis
                                        todd.minnis@arrow-cre.com

    **14.**    **Attorneys' Fees**.  In the event that any suit or action is instituted to enforce any provision in this Agreement, the prevailing party in such dispute (as determined by the presiding court) shall be entitled to recover from the losing party all fees, costs, and expenses of enforcing any right of such prevailing party under or with respect to this Agreement, including without limitation, such reasonable fees and expenses of attorneys and accountants, which shall include, without limitation, all reasonable fees, costs, and expenses of appeals.

    **15.**    **No Third-Party Beneficiaries**. This Agreement benefits solely the parties and their respective successors and permitted assigns, and nothing in this Agreement, express or implied, confers on any third party any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

    **16.**    **Counterparts**.  This Agreement may be executed in multiple counterparts and by electronic or facsimile signature, each of which shall be deemed an original, and all of which together shall constitute one instrument.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the parties have signed this Agreement effective as of the Effective Date.

**COMPANY:**

CAPREF LLOYD CENTER EAST, LLC

By: _Jack Shaw_

Name: Jack Shaw
Title: Vice President

**MINNIS:**

Todd Minnis

**EXHIBIT A**

SERVICES

Minnis shall provide Company the following Services:

1. Oversee and direct the formulation, execution, and strategy of the Chapter 11 Case.

2. Oversee and direct the preparation and dissemination of the Company's financial information, including preparation of any required reports and schedules or statements needed for the Chapter 11 Case, with Minnis to have access to all of the Company's books and records and other information necessary for such preparation.

3. Approve all material cash disbursements in accordance with any debtor-in-possession financing approved in the Chapter 11 Case ("**DIP Financing**") in order to maximize, protect, and preserve the assets of the Company.

4. Oversee and direct the Company's efforts to complete a sale of substantially all of its assets in accordance with the Bankruptcy Code and the requirements of any DIP Financing (the "**Sale**"), including due diligence, marketing, discussions and negotiations with potential bidders, seeking approval from the Bankruptcy Court and filing such other pleadings as may be necessary or appropriate in connection with the Sale, any auctions in connection with the Sale, and documenting and closing the Sale.

5. Oversee and direct the Company's efforts to formulate and prosecute the Company's proposed chapter 11 plan.

6. To the extent necessary or appropriate, attend hearings, meetings, and other events related to the Chapter 11 Case as the Company's representative.

7. To the extent necessary or appropriate, attend as the Company's representative any hearings, meetings, and other events related to the Chapter 11 Case; Minnis understands and acknowledges his attendance at hearings or other events may involve him providing testimony in his individual or a Company representative capacity.

8. Participate in meetings with third parties and their respective representatives on all material matters related to the Company and/or the administration of the Chapter 11 Case.

9. Assist with such other matters as may be requested by the Company.

## MANAGEMENT AGREEMENT

This Management Agreement ("**Agreement**") is entered into as of October 30th, 2023 (the "**Effective Date**"), between CAPREF Lloyd Center East, LLC, a Delaware limited liability company ("**Company**"), and Jack Shaw ("**Shaw**").

WHEREAS, Company intends to commence a chapter 11 proceeding (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

WHEREAS, Shaw shall provide Company certain management services and assistance in connection with the preparation and administration of the Company's Chapter 11 Case.

NOW, THEREFORE, in consideration of the mutual promises herein set forth, Company and Shaw agree as follows:

1.    **Appointment; Duties**. Company hereby engages Shaw to provide the services set forth on Exhibit A  (the "**Services**"), and Shaw hereby accept such engagement.

2.    **Compensation**. Company will compensate Shaw for the Services herein for a total of Fifty Thousand and 00/100 Dollars ($50,000) (the "**Total Compensation**"), with Twenty Five Thousand and 00/100 Dollars ($25,000) paid on the Effective Date and the remaining Twenty Five Thousand and 00/100 Dollars ($25,000) paid upon the Bankruptcy Court's final approval of debtor-in-possession financing in the Chapter 11 Case (the "**DIP Financing Approval**"). Additionally, if the Bankruptcy Court does not confirm the Company's chapter 11 plan on or before August 1, 2024, then the Company will compensate Shaw at a rate of Five Thousand and 00/100 Dollars ($5,000) per month through the month the Bankruptcy Court confirms the Company's chapter 11 plan.  All amounts paid hereunder are earned upon receipt.

3.    **Term**.  This Agreement will begin on the Effective Date and continue until the effective date of the Company's confirmed chapter 11 plan (the "**Term**"), unless terminated earlier by Company.  In exchange for the amounts set forth above, Shaw shall provide the Company with the Services through the Term.

4.    **Termination**.  This Agreement may be terminated at any time by Company upon written notice to Shaw.

5.    **Compliance with Laws**.  Shaw shall comply with all applicable laws and regulations in connection with the performance of Services hereunder.

6.    **Nondisclosure of Confidential Information**.  Shaw acknowledges that in the course of providing the Services, Company will likely provide him with access to certain trade secrets and other confidential or proprietary information of Company or Company's suppliers, vendors or business partners. During the Term, and for all time thereafter, Shaw must not use for the benefit of anyone other than Company, or disclose to any third persons except as necessary in furtherance of his performance of the Services, any trade secret or other confidential or proprietary

information of Company or Company's suppliers, vendors or business partners, scientific or technical information, designs, processes, procedures, formulae, improvements, business plans, financial information and product information (including lists of potential acquirers and pricing information) (collectively, "**Company Confidential Information**").

7.      **Return of Property**.  Promptly upon the request of Company, Shaw must return to Company all Company Confidential Information in Shaw's possession and all electronic records containing any Company Confidential Information residing on any computers, storage devices, or other electronic devices in Shaw's possession must be deleted and Shaw must certify in writing to Company that such return(s) and deletion(s) have occurred.

8.      **Governing Law; Venue**.  The rights and obligations of the parties under this Agreement are governed by the local, domestic law of the State of Delaware, and the parties hereto irrevocably commit to the jurisdiction of the State of Delaware and the Bankruptcy Court in any action brought by the parties hereto concerning this Agreement or the performance thereof.

9.      **Assignment**.  Shaw may not assign any rights or delegate the performance of any duties under this Agreement without the prior written consent of Company, which consent may be withheld by Company for any or no reason at all. Company may assign this Agreement upon written notice to Shaw.

10.      **Entire Agreement**.  This Agreement represents the entire agreement of the parties with respect to the subject matter of this Agreement and supersedes any prior agreements or understanding.

11.      **Severability; Equitable Relief**.  If any provision of this Agreement is held invalid or unenforceable by final order of any court with jurisdiction over the parties hereto and the subject matter hereof, then such invalidity or unenforceability will not affect the remainder of the provisions hereof.

12.      **Waiver**.  No failure by Company to enforce any of the terms and conditions of this Agreement will, at any time, effect, limit, or waive Company's right thereafter to enforce the terms and conditions hereof.

13.      **Notices**.  All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given: (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the following addresses (or at such other address for a party as shall be specified in a notice given in accordance with this Section 13):

        **If to Company**:                    Todd Minnis

8333 Douglas Avenue, Suite 975
Dallas, TX 75225
todd.minnis@arrow-cre.com

**If to Shaw**:                     Jack Shaw
jack.shaw@arrow-cre.com

14.    **Attorneys' Fees**.  In the event that any suit or action is instituted to enforce any provision in this Agreement, the prevailing party in such dispute (as determined by the presiding court) shall be entitled to recover from the losing party all fees, costs, and expenses of enforcing any right of such prevailing party under or with respect to this Agreement, including without limitation, such reasonable fees and expenses of attorneys and accountants, which shall include, without limitation, all reasonable fees, costs, and expenses of appeals.

15.    **No Third-Party Beneficiaries**. This Agreement benefits solely the parties and their respective successors and permitted assigns, and nothing in this Agreement, express or implied, confers on any third party any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

16.    **Counterparts**.  This Agreement may be executed in multiple counterparts and by electronic or facsimile signature, each of which shall be deemed an original, and all of which together shall constitute one instrument.

*[Signature Page Follows]*

719861.0001/9551086.1

**IN WITNESS WHEREOF**, the parties have signed this Agreement effective as of the Effective Date.

**COMPANY:**

CAPREF LLOYD CENTER EAST, LLC

By: _____
Name: Todd Minnis
Title: President

**SHAW:**

_Jack Shaw_
Jack Shaw

## EXHIBIT A

SERVICES

Shaw shall provide Company the following Services through the Term:

1. Oversee and direct the formulation, execution, and strategy of the Chapter 11 Case.

2. Oversee and direct the preparation and dissemination of the Company's financial information, including preparation of any required reports and schedules or statements needed for the Chapter 11 Case, with Shaw to have access to all of the Company's books and records and other information necessary for such preparation.

3. Approve all material cash disbursements in accordance with any debtor-in-possession financing approved in the Chapter 11 Case ("**DIP Financing**") in order to maximize, protect, and preserve the assets of the Company.

4. Oversee and direct the Company's efforts to complete a sale of substantially all of its assets in accordance with the Bankruptcy Code and the requirements of any DIP Financing (the "**Sale**"), including due diligence, marketing, discussions and negotiations with potential bidders, seeking approval from the Bankruptcy Court and filing such other pleadings as may be necessary or appropriate in connection with the Sale, any auctions in connection with the Sale, and documenting and closing the Sale.

5. Oversee and direct the Company's efforts to formulate and prosecute the Company's proposed chapter 11 plan.

6. To the extent necessary or appropriate, attend hearings, meetings, and other events related to the Chapter 11 Case as the Company's representative.

7. To the extent necessary or appropriate, attend as the Company's representative any hearings, meetings, and other events related to the Chapter 11 Case; Shaw understands and acknowledges his attendance at hearings or other events may involve him providing testimony in his individual or a Company representative capacity.

8. Participate in meetings with third parties and their respective representatives on all material matters related to the Company and/or the administration of the Chapter 11 Case.

9. Assist with such other matters as may be requested by the Company.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **CAPREF Lloyd Center East LLC** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Fig Financial Insurance Group 6206 N. Discovery Way, Ste 102 Boise, ID 83713 | Jeff Pugmire (208) 991-3494 | Trade | | | | $37,895.00 |
| Tabor Law Group Attn: Timothy Solomon Portland, OR 97214 | Timothy Solomon tsolomon@pdx-law.com | Professional Services | | | | $12,500.00 |
| Ampleo as Receiver 3300 Triumph Blvd Suite 100 Lehi, UT 84043 | Matt McKinlay MMCKINLAY@AMPLEO.COM | Professional Services | | | | $10,000.00 |
| Joseph G Epstein PLLC 24 Greenway Plaza Suite 970 Houston, TX 77046 | joe@epsteintexaslaw.com. 713-222-8400 | Professional Services | | | | $3,185.00 |
| NW NATURAL 2610 SE 8TH AVE Portland, OR 97202 | 503-226-4211 | Trade | | | | $1,414.34 |
| URBAN RENAISSANCE PROPERTY COMPANY LLC JOSHUA GREEN BUILDING - 1425 FOURTH AVE Suite 200 Seattle, WA 98101 | 206-381-3344 | Trade | | | | $1,000.00 |
| PACIFIC POWER LLOYD  CENTER TOWER 825 N.E. MULTNOMAH STREET Portland, OR 97232 | | Trade | | | | $934.44 |

Debtor   **CAPREF Lloyd Center East LLC**
      Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **City of Portland, Oregon** 1221 SW 4th Avenue, Room 110 Portland, OR 97204 | cityinfo@portlando regon.gov | Trade | | | | $224.34 |
| **Bank Direct Capital Finance** 150 North Field Drive, Suite 190 Lake Forest, IL 60045 | (847) 295-4120 | Trade | | | | Unknown |
| **Eastgate Theatre, Inc.** 7132 Regal Lane Knoxville, TN 37918 | Gerald Grewe - Vice President | Trade | Contingent Unliquidated Disputed | | | Unknown |
| **Johnson Controls Security Solutions** PO Box 371967 Pittsburgh, PA 15250 | (724) 776-4144 | | | | | Unknown |
| **National Fire & Marine Insurance Co Risk Placement Services** 527 Wellington Way STE 350 Lexington, KY 40503 | (402) 916-3000 | Trade | | | | Unknown |

# United States Bankruptcy Court
## District of Delaware

In re   CAPREF Lloyd Center East LLC

Debtor(s)

Case No. _____
Chapter   11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Cypress REIT, LLC**<br>**4514 Travis Street, Suite 202**<br>**Dallas, TX 75204** | | **100%** | **Membership** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the  of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **December  4, 2023**          Signature   **/s/ Todd Minnis**

**Todd Minnis**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## District of Delaware

In re   **CAPREF Lloyd Center East LLC**

Debtor(s)

Case No.

Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **CAPREF Lloyd Center East LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Cypress REIT, LLC**
**4514 Travis Street, Suite 202**
**Dallas, TX 75204**

☐ None [*Check if applicable*]

**December  4, 2023**

Date

**/s/ Gregory A. Taylor, Esq.**

**Gregory A. Taylor, Esq.**

Signature of Attorney or Litigant

Counsel for   **CAPREF Lloyd Center East LLC**

**Ashby & Geddes, P.A.**
**500 Delaware Avenue, 8th Floor**
**P.O. Box 1150**
**Wilmington, DE 19801**
**302-654-1888 Fax:302-654-2067**
**gtaylor@ashbygeddes.com**

**United States Bankruptcy Court**
**District of Delaware**

In re   CAPREF Lloyd Center East LLC _____    Case No. _____

Debtor(s)    Chapter   **11** _____

# VERIFICATION OF CREDITOR MATRIX

I, the  of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **December  4, 2023** _____    **/s/ Todd Minnis** _____

**Todd Minnis/**
Signer/Title

CAPREF-1 2002 CREDITOR MATRIX

| NAME | ATTN: | ADD1 | ADD2 | CITY | ST | ZIP | EMAIL |
|------|-------|------|------|------|----|----|-------|
| CINEWORLD GROUP PLC | CINEWORLD INVESTOR RELATIONS | 8TH FLOOR | VANTAGE LONDON | GREAT WEST ROAD | BRENTWOOD | TW8 9AG | |
| CYPRESS ACQUISITION PARTNERS RETAIL FUND | | 8343 DOUGLAS AVENUE | SUITE 200 | DALLAS | TX | 75225 | |
| REGAL ENTERTAINMENT GROUP | Heston Nielson | 7312 REGAL LANE | | KNOXVILLE | TN | 37912 | |
| KEYSTONE REAL ESTATE LENDING FUND GP | | 280 NORTH 200 WEST | SUITE 250 | BOUNTIFUL | UT | 84010 | heston@keystonenational.net |
| KKR REAL ESTATE AND FINANCE TRUST | JACK SWITALA | 9 WEST 57TH STREET | SUITE 4200 | NEW YORK | NY | 10019 | KREF-IR@kkr.com |
| DELAWARE DEPARTMENT OF JUSTICE | DELAWARE ATTORNEY GENERAL | CARVEL STATE BUILDING | 820 N. FRENCH STREET | WILMINGTON | DE | 19801 | ATTORNEY.GENERAL@STATE.DE.US |
| DELAWARE DIVISION OF REVENUE | BANKRUPTCY ADMINISTRATOR | 820 N. FRENCH STREET | 8TH FLOOR | WILMINGTON | DE | 19801 | WARREN.WOOD@DELAWARE.GOV |
| DELAWARE SECRETARY OF STATE | DIVISION OF CORPORATIONS | PO BOX 898 | | DOVER | DE | 19903-0898 | |
| DELAWARE SECRETARY OF STATE | CORPORATIONS FRANCHISE TAX | PO BOX 898 | | DOVER | DE | 19903 | DOSDOC_FTAX@STATE.DE.US |
| DELAWARE STATE TREASURY | LIZA DAVIS | 820 SILVER LAKE BLVD | SUITE 100 | DOVER | DE | 19904-2464 | LIZA.DAVIS@DELAWARE.GOV |
| INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCY OP | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | SBSE.CIO.BNC.MAIL@IRS.GOV |
| AMPLEO AS RECEIVER | MATT MCKINLAY | 3300 TRIUMPH BLVD | SUITE 100 | LEHI | UT | 84043 | MMCKINLAY@AMPLEO.COM |
| BANK DIRECT CAPITAL FINANCE | LEGAL DEPARTMENT | 150 NORTH FIELD DRIVE | SUITE 190 | LAKE FOREST | IL | 60045 | |
| SNELL & WILMER LLP | TROY J. ARAMBURU | GATEWAY TOWER WEST | 15 WEST SOUTH TEMPLE, SUITE 1200 | SALT LAKE CITY | UT | 84101-1547 | TARAMBURU@SWLAW.COM |
| SNELL & WILMER LLP | RAMINTA A. RUDYS | MODA TOWER | 601 SW SECOND AVE, STE 2000 | PORTLAND | OR | 97201 | RRUDYS@SWLAW.COM |
| CITY OF PORTLAND, OREGON | | 1221 SW 4TH AVENUE | ROOM 110 | PORTLAND | OR | 97201 | CITYINFO@PORTLANDOREGON.GOV |
| EASTGATE THEATRE, INC. | LEGAL DEPARTMENT | 7132 REGAL LANE | | KNOXVILLE | TN | 37918 | |
| US ATTORNEY | DISTRICT OF DELAWARE | 1313 N. MARKET STREET | PO BOX 2046 | WILMINGTON | DE | 19801 | |
| US FINANCIAL INSURANCE GROUP | US DEPARTMENT OF JUSTICE | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530-0001 | USADE.PRESS@USDOJ.GOV |
| FIG FINANCIAL INSURANCE GROUP | LEGAL DEPARTMENT | 6206 N. DISCOVERY WAY | SUITE 102 | BOISE | IN | 83713 | |
| JOHNSON CONTROLS SECURITY SOLUTIONS | LEGAL DEPARTMENT | PO BOX 371967 | | PITTSBURGH | PA | 15250 | |
| JOSEPH G. EPSTEIN PLLC | JOSEPH G. EPSTEIN | 24 GREENWAY PLAZA | SUITE 970 | HOUSTON | TX | 77046 | |
| MULTNOMAH COUNTY, OREGON | LEGAL DEPARTMENT | 1260 NE LLOYD CENTER | | PORTLAND | OR | 97232 | |
| NW NATURAL | LEGAL DEPARTMENT | 2610 SE 8TH AVENUE | | PORTLAND | OR | 97202 | |
| NATIONAL FIRE & MARINE INS CO | RISK PLACEMENT SERVICES | 527 WELLINGTON WAY | SUITE 350 | LEXINGTON | KY | 40503 | |
| PACIFIC POWER | LLOYD CENTER TOWER | 825 N.E. MULTNOMAH ST | | PORTLAND | OR | 97232 | |
| TABOR LAW GROUP | TIMOTHY SOLOMON | 4110 SE HAWTHORNE BLVD | PMB 506 | PORTLAND | OR | 97214-9246 | TSOLOMON@PDX-LAW.COM |
| URBAN RENAISSANCE PROPERTY CO LLC | | JOSHUA GREEN BLDG | 1425 FOURTH AVE #200 | SEATTLE | WA | 98101 | |
| OREGON ATTORNEY GENERAL | OREGON DEPARTMENT OF JUSTICE | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | ATTORNEYGENERAL@DOJ.STATE.OR.US |
| TEXAS ATTORNEY GENERAL | OFFICE OF THE ATTORNEY GENERAL | PO BOX 12548 | | AUSTIN | TX | 78711-2548 | PUBLICRECORDS@OAG.TEXAS.GOV |
| EASTGATE THEATRE, INC. | CT CORPORATION SYSTEM | 780 COMMERCIAL ST SE | SUITE 100 | SALEM | OR | 97301-3465 | |
| NEW RCI HOLDINGS, INC. | CORPORATION TRUST CENTER | 1209 ORANGE STREET | | WILMINGTON | DE | 19801 | |
| NEW RCI HOLDINGS, INC. | LEGAL DEPARTMENT | 10737 CUTEN ROAD | | HOUSTON | TX | 77006 | |
| CAPREF CLOYD CENTER EAST LLC | TODD MINNIS | 4514 TRAVIS STREET | SUITE 208 | DALLAS | TX | 75204 | |
| ASHBY & GEDDES, P.A. | GREGORY A. TAYLOR & MICHAEL D. DEBAECKE | 500 DELAWARE AVE | SUITE 800 | WILMINGTON | DE | 19801 | GTAYLOR@ASHBYGEDDES.COM; MDEBAECKE@ASHBYGEDDES.COM |
| ZION BANK | P.O. BOX 26547 | | | SALT LAKE CITY | UT | 84126-0547 | |
| JOSEPH G. EPSTEIN PLLC | JOSEPH G. EPSTEIN | 24 GREENWAY PLAZA | SUITE 970 | HOUSTON | TX | 77046 | JOE@EPSTEINTEXASLAW.COM |
| | MATTHEW D. CAVENAUGH; REBECCA BLAKE CHAIKIN ; VERONICA A. POLNICK | | | | | | MCAVENAUGH@JW.COM; RCHAIKIN@JW.COM |
| JACKSON WALKER LLP | | 1401 MCKINNEY STREET | SUITE 1900 | HOUSTON | TX | 77010 | VPOLNICK@JW.COM |
| KIRKLAND & ELLIS LLP | JOSHUA A. SUSSBERG, P.C.; CHRISTOPHER MARCUS, P.C.; CHRISTINE OKIKE, P.C.; CIARA FOSTER | | | | | | joshua.sussberg@kirkland.com; christopher.marcus@kirkland.com; christine.okike@kirkland.com |
| KIRKLAND & ELLIS INTERNATIONAL LLP | | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | ciara.foster@kirkland.com |
| LANE POWELL PC | BRUCE H. CAHN | 601 SW SECOND AVE | STE 2100 | PORTLAND | OR | 97204 | CAHNB@LANEPOWELL.COM; JPARKER@SCHWABE.COM; JSCHUH@SCHWABE.COM |
| SCHWABE, WILLIAMSON & WYATT, P.C. | JOEL A. PARKER; JESSICA A. SCHUH | 420 L STREET | SUITE 400 | ANCHORAGE | AK | 99501 | |