IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAPREF LLOYD CENTER EAST, LLC[1] | Case No. 23-11942 (JTD) |
| Debtor. | Related Docket Nos. 8 & 29 |

**ORDER AUTHORIZING REJECTION OF CONTRACT**
**(CONTRACT COUNTERPARTY: EASTGATE THEATRE, INC.)**

Upon consideration of the above-captioned debtor and debtor in possession's *Motion for Entry of Order Authorizing Rejection of Contract (Contract Counterparty: Eastgate Theatre, Inc.)* (the "Motion")[2] and any opposition filed in response thereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court being able to issue a final order on the Motion consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of, and the opportunity for a hearing on the relief requested by the Motion having been provided pursuant to the Bankruptcy Code and applicable rules; and the Court having determined that a sufficient showing has been made in support of the Debtor's exercise of sound business judgment in rejecting the Lease, as more fully described in the Motion;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number, is: CAPREF Lloyd Center East, LLC (1920) and the location of its service address in this chapter 11 case is: 4514 Travis Street, Suite 208, Dallas, TX 75205.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to those terms in the Motion.

{01947587;v3}                                1

1. The Motion is approved. Any responses or objections to the relief requested by the Motion are hereby overruled on the merits.

2. The Lease is hereby rejected, effective as of the Petition Date.

3. Notwithstanding entry of this Order and any actions taken pursuant to its terms and provisions, nothing in this Order or in the Motion shall be deemed: (a) an admission or concession as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim, any security interest which purportedly secures such claim, or any other asserted right or obligation, or a waiver or other limitation on the Debtor's ability to contest the same on any ground permitted under any applicable law; (b) a waiver of the Debtor's rights to dispute under any applicable law the amount of, basis for, or validity of any claim asserted against the Debtor; (c) a promise of the Debtor to pay any claim; or (d) a waiver of any rights, claims, or causes of action the Debtor or its bankruptcy estate may have under applicable law, as against any person or entity.

4. This is a final order and the terms and provisions set forth herein are immediately effective and enforceable upon its entry.

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters and disputes arising from or related to the implementation, interpretation, and enforcement of the terms and provisions of this Order.

**Dated: January 3rd, 2024**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE