# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAPREF LLOYD CENTER EAST, LLC[1] | Case No. 23-11942 (JTD) |
| Debtor. | Related D.I. 26 & 35 |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Upon the *Debtor's Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a), 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2, establishing interim compensation and reimbursement procedures; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion, if necessary (the "Hearing"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest, and that the legal and factual bases set forth in the Motion

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number, is: CAPREF Lloyd Center East, LLC (1920) and the location of its service address in this chapter 11 case is: 4514 Travis Street, Suite 208, Dallas, TX 75205.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

{01972700;v1 }

establish just cause for the relief granted herein and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. Except as otherwise provided in this Court's orders, all Professionals may seek interim compensation and reimbursement in accordance with the following procedures (the "Compensation Procedures"):

   a) Following the month or months for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month or months (a "Monthly Fee Application").

   b) Each Professional may submit its first Monthly Fee Application no earlier than the date of entry of this Order. This initial Monthly Fee Application will cover the period from the Petition Date through December 31, 2023. Thereafter, the Professionals may submit Monthly Fee Applications in the manner described herein.

   c) Each such Professional shall serve such Monthly Fee Application by first class mail on the following parties: (a) proposed counsel to the Debtor: (i) Ashby & Geddes, 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, DE 19899, Attn: Gregory Taylor (gtaylor@ashbygeddes.com); (b) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov); and (c) counsel to Keystone Real Estate Lending Fund, L.P., Snell & Wilmer, L.L.P., Attn: Raminta Rudys (rrudys@swlaw.com); (d) counsel to any official committee appointed in the Chapter 11 Case; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002 (each a "Notice Party," and, collectively the "Notice Parties").

   d) Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply

    with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable non-bankruptcy law.

e) Parties in interest will have 14 days (or the next business day if such day is not a business day) after the service of a Monthly Fee Application (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (f) below. After expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection ("<u>CNO</u>") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized to pay the applicable Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (f) below.

f) If any party in interest wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (each, an "<u>Objection</u>") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is actually received by the other Notice Parties on or before the Objection Deadline. Any such Objection shall identify, with specificity, the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties. Payment of the Incremental Amount will be allowed upon the Court's disposal of the Objection.

g) At three month intervals or such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each Professional may file with the Court and serve upon the Notice Parties a request (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief summary identifying:

        1. the Monthly Fee Applications that are the subject of the request;

    2. the amount of fees and expenses requested;

    3. the amount of fees and expenses approved to date or subject to an Objection; and

    4. any other information requested by the Court or required by the Bankruptcy Rules or Local Rules, including Bankruptcy Rule 2016(a) and Local Rule 2016-2.

Each Professional shall file its first Interim Fee Application on or before May 15, 2024, and the first Interim Fee Application shall cover the period from the Petition Date through March 31, 2024. Thereafter, each Professional must file its Interim Fee Application within 45 days (or the next business day if such day is not a business day) after the end of the applicable Interim Fee Period.

h) The Debtor will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. Parties in interest will have 14 days (or the next business day if such day is not a business day) after the service of an Interim Fee Application to file an Objection. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor will be authorized to promptly pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

i) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures. Any Professional that fails to file an Interim Fee Application when permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as an Interim Fee Application is submitted by the Professional.

j) Professionals will each file a final application for compensation and reimbursement (the "Final Fee Application") on or before the deadline set in a confirmed chapter 11 plan or an order of the Court. Each Final Fee Application must comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and this Court's orders.

k) Neither (i) the payment of or the failure to pay, in whole or in part, monthly or interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for

compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. All Professionals who have been or are hereafter retained under sections 327 or 1103 of the Bankruptcy Code, except those that the Debtor retained in the ordinary course of business, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case in compliance with this Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders.

4. The Professionals shall be required to serve the Applications only on the Notice Parties. All other parties that have filed a notice of appearance shall be entitled to receive only Hearing Notices on the Applications.

5. The Debtor shall include in its monthly operating reports all payments to Professionals.

6. All time periods referenced in this Order and the Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order

Dated: January 3rd, 2024
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE