**<u>Exhibit B</u>**

**(Sale Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CAPREF LLOYD CENTER EAST, LLC[1] | Case No. 23-11942 (JTD) |
| Debtor. | |

**ORDER APPROVING SALE OF SUBSTANTIALLY ALL
OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
INTERESTS, AND ENCUMBRANCES AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order approving the sale of substantially all of the Debtor's assets free and clear of liens, claims, interests and encumbrances and granting related relief, all as more fully set forth in the Motion [Dkt. No. ----]; and the Court previously having entered on March [ ], 2024, in connection with the Motion, an order (a) authorizing and approving Bidding Procedures, (b) approving the form and manner of notice of an Auction and Sale Hearing for the Debtor's Assets, and (c) granting related relief [Dkt. No. ----] (the "Bidding Procedures Order")[2]; and upon any Declarations filed in support of the relief requested in the Motion; and upon the Debtor having conducted a sale and marketing process for the Assets and any Auction required under the Bidding Procedures Order; and the Debtor, in consultation with its advisors and any Consultation Parties, having determined that the highest or otherwise best offer for the Assets was made by [      ] (hereafter, "Purchaser") pursuant to that certain Asset Purchase Agreement (hereafter, and as may be amended, supplemented or otherwise modified from time to time, including all schedules

---

[1] The Debtor in this case, along with the last four digits of its federal tax identification number, is CAPREF Lloyd Center East, LLC (1920) and the location of its service address is 4514 Travis Street, Suite 208, Dallas, TX 75205.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order, the APA, or the Motion, as applicable.

and exhibits thereto, the "APA", a copy of which has been filed at Dkt. No. ---); and the Court having conducted a hearing on May [---], 2024, to consider entry of this Order (the "Sale Hearing"); and all parties in interest having been provided an opportunity to be heard with respect to the Bidding Procedures, the Bidding Procedures Order, the proposed Sale of the Assets, and this Order; and upon the Court having considered all filings made in connection with the Motion and proposed Sale, including any objections thereto, all arguments made and evidence adduced at the Sale Hearing, and the full record developed in this case; and it appearing the relief requested by the Motion is in the best interests of the Debtor, its bankruptcy estate, creditors, and other parties in interest,

**IT IS HEREBY FOUND, CONCLUDED, AND DETERMINED THAT:**

A.      <u>Findings of Fact and Conclusions of Law</u>.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such and to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Jurisdiction</u>.  This Court has jurisdiction over the Motion and over property of the Debtor, including the Assets, pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the bankruptcy case and the Motion in this district and this Court is proper under 28 U.S.C. §§ 1408 and 1409.

C.      <u>Final Order</u>.  This Order is intended to be a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h) and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court finds there is no just reason for delay in the implementation of this Order and therefore directs entry of judgment as set forth herein.

D.      <u>Property of the Estate</u>. The Debtor is the sole and lawful owner of the Assets to be acquired by Purchaser pursuant to the terms and provisions of the APA.      The Debtor's right, title, and interest in and to the Assets constitute property of the estate within the meaning of Bankruptcy Code section 541(a).

E.      <u>Statutory Bases for Relief</u>.  The statutory bases and other authority for the relief requested in the Motion and granted in this Order include sections 105(a), 363(b), 363(f), 363(m), 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

F.      <u>Petition Date</u>.  On December 4, 2023 (the "<u>Petition Date</u>"), the Debtor filed in this Court a voluntary petition under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its assets and property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed and no official committee of unsecured creditors has been formed in this case.

G.      <u>Bidding Procedures Order</u>.  This Court entered the Bidding Procedures Order on March [--], 2024.  Among other things, the Bidding Procedures Order (1) approved the Bidding Procedures; (2) scheduled the Bid Deadline (April 17, 2024), an Auction, if any (April 24, 2024), and a Sale Hearing (May 3, 2024); (3) set objection deadlines in connection with the Motion and the results of any Auction; and (4) granted related relief.

H.      <u>Notice</u>.  As evidenced by the applicable affidavits of service and notices previously filed with the Court [*see* Dkt. Nos. =====], due and proper notice of the Motion and proposed Sale of Assets has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, and 9014, and the Bidding Procedures Order.  Notice has been good, sufficient, and appropriate under the circumstances and no other or further disclosures or notice of the Sale is or shall be required.

I.    <u>Sale and Marketing Process</u>.    The Bidding Procedures were non-collusive, proposed and executed in good faith, and substantively and procedurally fair to all parties.  Based upon the evidence adduced at the Sale Hearing, the Debtor and its professionals have marketed and conducted the sale process for the Assets in accordance with, and have otherwise complied in all respects with, the Bidding Procedures Order and Bidding Procedures. The sale process established by the Bidding Procedures Order, including the Auction procedures set forth therein, afforded a full, fair, and reasonable opportunity for any person or entity to bid competitively on the Assets.  The sale process and any Auction were conducted in good faith, in a non-collusive and fair manner.

J.    <u>Winning Bid</u>.  The  Debtor  determined, in the exercise of its business judgment and in accordance with the Bidding Procedures Order, that (1) Purchaser's final bid (a) was a Qualified Bid and (b) represented the highest or otherwise best available offer for the Assets.  As a result, the Debtor, upon consultation with any Consultation Parties, declared Purchaser the Winning Bidder following conclusion of any Auction and as set forth in the Winning Bidder Notice filed with this Court [Dkt. No. -----].  Given all of the facts and circumstances presented, such determination constitutes a valid and sound exercise of the Debtor's business judgment.  The total consideration provided by Purchaser for the Assets represents not only a fair and reasonable offer to purchase the Assets, but also the highest or otherwise best offer received.  Entry of this Order, the approval and authorization for the Debtor to enter into the APA, and consummation of the transactions contemplated thereby will maximize the value of the bankruptcy estate.  The Sale is in the best interests of the Debtor, its bankruptcy estate, creditors, and all other stakeholders. There is no legal or equitable reason to delay consummation of the proposed Sale Transaction.

K.    <u>Sound  Business  Purpose</u>.   The   Debtor   has   demonstrated   compelling

circumstances and a good, sufficient, and sound business purpose and justification for the Sale of the Assets outside the ordinary course of business under section 363(b) of the Bankruptcy Code. Entry into the APA and consummation of the Sale is an appropriate exercise of the Debtor's business judgment.

L.    <u>Good Faith</u>.  With respect to the bidding and sale process, the Bidding Procedures Order and Bidding Procedures, the Sale, and the APA, Purchaser has acted in good faith, complied with all requirements, and is a good faith purchaser within the meaning of Bankruptcy Code section 363(m).   Moreover, there was and is no evidence of collusion, insider influence, or improper conduct in any manner by Purchaser in connection with participation in the Sale process, bidding, and negotiation of the APA.  Purchaser therefore is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

M.    <u>Fair Consideration</u>.  The consideration provided by Purchaser for the Assets: (1) is fair and adequate, (2) negotiated at arms length and in good faith, and (3) constitutes reasonably equivalent value, fair consideration, and fair value under the Bankruptcy Code and under the laws of the United States and any other governmental authority (including under the Uniform Voidable Transactions Act, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and similar laws).

N.    <u>Purchaser Not a Successor</u>.   The Purchaser is not a mere continuation of the Debtor or its estate and there is no continuity, common identity, or continuity of enterprise between the Purchaser and Debtor.   The Purchaser is neither a successor to nor an alter ego, mere continuation, or substantial continuation of the Debtor or its bankruptcy estate under any theory of law or equity.  The Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser and Debtor.  The Purchaser shall not assume or in any way be responsible for any

obligation or liability of the Debtor or its bankruptcy estate, except to the extent expressly provided in the APA.

O.    No *Sub Rosa* Plan.    The Sale does not impermissibly restructure the rights of creditors nor impermissibly dictate the terms of a chapter 11 plan.  The Sale does not constitute a *sub rosa* or *de facto* chapter 11 plan of any kind.

P.    Power and Authority.    With respect to the APA and Sale, the Debtor and Purchaser, each acting by and through their authorized officers, agents, and representatives, have full corporate power and authority to execute and deliver the applicable APA and all other documents contemplated thereby.  Upon entry of this Order, the Debtor and Purchaser require no further consents or approvals to consummate the Sale, except as otherwise set forth in the APA.

Q.    Binding Agreement.  The APA is a valid and binding contract between the Debtor and Purchaser and shall be enforceable pursuant to its terms.   The APA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any other governmental authority.   The APA and its terms and provisions shall be, to the extent provided therein, specifically enforceable against and binding upon Purchaser, the Debtor, and any chapter 7 or chapter 11 trustee, and shall not be subject to rejection or avoidance by the foregoing parties or any other person or entity.   The terms and provisions of the APA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor and its bankruptcy estate, creditors, Purchaser and each of its respective affiliates, successors, and assigns, and any other affected third parties (including, without limitation, all persons or entities asserting Adverse Interests (as defined below) in or on the Assets), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under the Bankruptcy Code or other law.  The provisions of this Order and the terms and provisions of the

APA shall survive entry of any order confirming a chapter 11 plan, dismissing this chapter 11 case, or converting this case to a case under chapter 7.

R.      <u>Valid Free and Clear Transfer</u>.  With respect to the APA and Sale, the transfer of the Assets to Purchaser will be a legal, valid, and effective transfer of the Assets and will vest Purchaser with all right, title, and interest of the Debtor to the Assets, free and clear of all liens or other Adverse Interests (as defined below) whatsoever arising on or under or otherwise relating thereto for any time prior to the Closing Date (as defined in the APA), unless otherwise expressly assumed under or permitted by the terms and provisions of the APA.  Upon entry of this Order, the Debtor is authorized upon a Closing to transfer all of its right, title and interest in and to the Assets free and clear of all claims (as such term is defined in section 101(5) of the Bankruptcy Code), debts, obligations, liabilities, charges, interests, encumbrances, consensual or nonconsensual liens of any kind, and any other rights, matters, and interests of any kind and nature whatsoever, including, without limitation, hypothecations, mortgages, security deeds, deeds of trust, financing statements, debts, levies, indentures, restrictions, leases (whether unexpired or rejected, and for the avoidance of doubt, this includes the Eastgate Contract), licenses, easements, rights of way, encroachments, instruments, preferences, priorities, security agreements, conditional sales agreements, title retention contracts and other similar impositions, options, judgments, offsets, rights of recovery, rights of preemption, imperfections or defects of title or restrictions on transfer or use of any nature whatsoever, claims for reimbursement, claims for contribution, claims for indemnity, personal injury claims, alter-ego claims, successor-in-interest claims, successor liability claims, substantial continuation claims, COBRA claims, environmental claims, claims under or relating to any employee benefit plan, ERISA affiliate plan, or ERISA (including any pension or retirement plan), WARN Act claims or any claims under state or other laws of similar effect, tax claims (including

claims for any federal, state, provincial and local taxes, including, but not limited to, real estate taxes, sales taxes, income taxes, use taxes, or any other type of tax), escheatment claims, reclamation claims, demands, and guaranties, and other encumbrances relating to, accruing, or arising any time prior to the Closing Date, and whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, secured or unsecured, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, and whether imposed by agreement, statute, understanding, law, or equity, arising under or out of, in connection with, or in any way related to the Debtor, the Assets, or operation of the Debtor's business (collectively, all of the foregoing, "Liens" or "Adverse Interests", with such capitalized terms to be used interchangeably in this Order).  That is because in each case one or more of the standards set forth in sections 363(f)(1)—(f)(5) of the Bankruptcy Code has been satisfied.  Except as otherwise expressly provided in the APA or this Order, any such Adverse Interests in or on the Assets shall attach to the net cash Sale proceeds received for such Assets in the same order of priority and with the same validity, force and effect they have immediately prior to the Closing, subject to any rights, claims, remedies, and defenses the Debtor may have with respect to such Adverse Interests.  Holders of Adverse Interests, including those who did not object or who withdrew their objections to the Motion or Sale and therefore are deemed pursuant to section 363(f)(2) of the Bankruptcy Code to have consented to the Sale, shall be forever barred from pursuing or asserting any such Adverse Interests against the Assets or the Purchaser or any of its respective assets, property, affiliates, successors, or assigns.

      S.      Assigned Contracts.  [Not Applicable].

      T.      Single, Integrated Transaction.  With respect to the APA and Sale, entry of this

Order is a necessary condition precedent to Purchaser consummating the Sale.  The provisions of this Order and the APA and the transactions contemplated thereby are inextricably linked and collectively constitute a single, integrated transaction.  Consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code.

U.    <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

V.    <u>Waiver of Bankruptcy Rule 6004(h)</u>.  The Debtor has demonstrated compelling circumstances for the immediate approval and consummation of the Sale and transactions contemplated thereby.  Immediate consummation of the Sale is necessary and appropriate to protect and maximize the value of the Debtor's bankruptcy estate and ultimately, pave the way for distributions to creditors.  Accordingly, cause exists to lift the stay contemplated by Bankruptcy Rule 6004 with respect to the transactions approved herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**Section 1.**    <u>**Motion Approval**</u>

1.1    The sale-related relief requested in the Motion is granted as set forth herein.

1.2    All objections and responses to entry of this Order or to the relief granted herein that have not been withdrawn, waived, settled, or resolved, and all reservations of rights included therein, are hereby overruled and denied on the merits.    All persons and entities notified or deemed notified of the relief sought in the Motion and set forth in this Order that failed to timely object thereto are deemed to consent to such relief.

1.3    Notice of the Motion, the Bidding Procedures Order and Bidding Procedures, the Sale Hearing, this Order, and the Sale and APA was, in each case, sufficient

and appropriate under the circumstances and complied in all respects with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

      1.4     The Court's findings of fact and conclusions of law contained in the Bidding Procedures Order, and as set forth on the record of the Bidding Procedures Hearing and the record of the Sale Hearing, are incorporated by reference herein.   No appeal, motion to reconsider, or similar request has been filed with respect to the Bidding Procedures Order. The Bidding Procedures Order is a final order of the Court, has not been vacated, withdrawn, rescinded, or amended, and remains in full force and effect.

**Section 2.**      <u>**Sale Approval**</u>

      2.1   The APA attached hereto as Exhibit 1, including all ancillary documents and agreements entered into in connection therewith, and the Sale and related transactions contemplated thereby, are hereby approved in all respects.

      2.2     Pursuant to Bankruptcy Code section 363, the Debtor is hereby authorized and approved to enter into the APA and consummate and close the Sale as a valid exercise of the Debtor's business judgment.   Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized to continue performance under and make all payments required under the terms and provisions of the APA and all other ancillary documents as and when due thereunder without further order of this Court.  The Debtor is further authorized to ( a ) transfer and assign all of its right, title, and interest to all Assets conveyed in accordance with the terms and provisions of the APA; and (b) execute and deliver, perform under, consummate, and implement the APA and all additional instruments, deeds, assignments, and any other ancillary documents reasonably necessary or desirable to implement the Sale and effectuate the terms and provisions of this Order.   Neither the Purchaser nor Debtor shall have

any obligation to proceed with a Closing under the APA until all conditions precedent to its obligations to do so have been met, satisfied, or waived in accordance with its terms.

2.3     The Debtor is authorized to cause to be filed or recorded with the applicable offices of any Governmental Units (as defined in section 101(27) of the Bankruptcy Code), any certificates, agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by this Order and the APA, and to take all such other actions as may be required under applicable laws or as the Debtor reasonably may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of an appropriate Debtor representative to so act.

2.4     This Order shall be binding in all respects upon the Debtor, the bankruptcy estate, all creditors, all holders of equity interests, all holders of any Adverse Interests against the Debtor or any portion of the Assets, the Purchaser and its representatives, successors, and assigns, any trustees, examiners, or other fiduciary appointed under any section of the Bankruptcy Code or similar law, and any filing agents, filing officers, title agents, title companies, registrars of deeds, administrative agencies, governmental departments, recording agencies, secretaries of state, federal, state, foreign, provincial, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or by contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets (in each case as applicable), and each of the foregoing persons and entities is hereby authorized to accept for filing all documents and instruments necessary and appropriate to consummate the Sale approved hereby. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate offices, and such persons are authorized to act to cancel,

effective upon a Closing, any Liens, as provided herein, except with respect to any Assumed Liabilities or Permitted Encumbrances (as may be expressly set forth in the APA); *provided* that, for the avoidance of doubt, the provisions of this Order shall be self-executing.

2.5 This Order shall survive any dismissal or conversion of the bankruptcy case or any dismissal of any subsequent chapter 7 case. Nothing contained in any confirmed chapter 11 plan or in any order approving the wind down or dismissal of this bankruptcy case or any subsequent chapter 7 case shall alter, conflict with, or derogate from the provisions of this Order or the APA, and to the extent of any conflict, the terms of this Order and the APA shall control.

2.6 For the avoidance of doubt, the Debtor also is authorized and approved to pay the costs and expenses associated with a Sale Closing, including any fees and expenses payable to RE Broker in accordance with the terms of any prior order of this Court.

**Section 3.** **Sale and Transfer of Assets**

3.1 Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon the Closing Date the Assets shall be transferred free and clear of all Adverse Interests therein (*provided*, *however*, that solely to the extent expressly set forth in the APA, Adverse Interests shall not include Assumed Liabilities or Permitted Encumbrances (each as defined in the APA)), with all such Adverse Interests to attach to net Sale proceeds, including any Deposit and any separate deposit account(s) maintained by the Debtor into which the net Sale proceeds shall be deposited (the "Proceeds Account") for the benefit of the holders of such Adverse Interests, including Keystone and Multnomah County (Portland, Oregon) (collectively, the "Secured Parties"), and in each case in the same order of priority under applicable law, the Final Financing Order, and any applicable agreements, and with the same validity, force, and

effect which such Adverse Interests had against the Assets immediately prior to entry of this Order, and subject to any rights, claims, remedies, and defenses the Debtor and its bankruptcy estate may possess with respect thereto.

3.2     Those holders of Adverse Interests who did not object (or who withdrew their objections, if any) to the Sale are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code to the Sale being free and clear of their respective Adverse Interests.

3.3     Those holders of Adverse Interests who objected to the Sale (a) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Adverse Interests pursuant to section 363(f)(5) of the Bankruptcy Code, or (b) they fall within one or more of the other subsections of Bankruptcy Code section 363(f) and are therefore adequately protected by having their Adverse Interests, if any, attach solely to the net Sale proceeds ultimately attributable to the Assets in which they have an interest, in each case in the same order of priority and with the same validity, force and effect that such holders had immediately prior to Closing, all subject to any rights, claims, remedies, and defenses of the Debtor and its bankruptcy estate.

3.4     Conditioned upon occurrence of the Closing, this Order shall be construed and shall constitute for all purposes a full and complete general assignment, conveyance, and transfer of all Assets or a bill of sale transferring all of the Debtor's right, title, and interest in such Assets to Purchaser pursuant to the terms of the APA.   For the avoidance of doubt, the Excluded Assets set forth in the APA are not included as part of the Assets sold and the Excluded Liabilities set forth in the APA are not Assumed Liabilities, and Purchaser is not acquiring such Excluded Assets or assuming such Excluded Liabilities.

3.5     All persons and entities are prohibited from taking any action to

adversely affect or interfere with the ability of the Debtor to transfer the Assets to Purchaser in accordance with the APA and this Order.

3.6     Subject to the terms and provisions of this Order, the transfer of the Assets to Purchaser and consummation of the Sale ( a ) do not require any consents other than as specifically provided for in the APA; (b) constitute a legal, valid, and effective transfer to Purchaser of all of Debtor's right, title, and interest in the Assets, notwithstanding any requirement for approval or consent by any person or entity; and (c) shall vest Purchaser with the right, title, and interest of the Debtor in and to the Assets.    This Order is and shall be effective as a conclusive determination that, as of and on the Closing Date and as they pertain to the Assets, all Adverse Interests (other than any Assumed Liabilities or Permitted Encumbrances) existing as of the Closing Date shall have been unconditionally released, discharged, and terminated, and the conveyances described herein are effective, as to Purchaser; *provided*, *however*, that any such Adverse Interests shall attach to the net Sale proceeds in the same order of their priority, and with the same validity, force and effect which they had against the Assets immediately prior to the Closing.

3.7     To the maximum extent permitted under applicable law, Purchaser or its designated affiliates, to the extent provided by the APA, shall be authorized, as of and after the Closing Date, to operate under any license, permit, registration, or governmental authorization or approval constituting part of the Assets, and all such licenses, permits, registrations, or governmental authorizations and approvals are deemed to have been transferred to Purchaser or its designated affiliates as of the Closing Date as and to the extent provided in the APA.  To the extent provided by section 525 of the Bankruptcy Code, no Governmental Unit may revoke or suspend any grant, permit, or license relating to the ownership or operation of the Assets on

account of the filing or pendency of this bankruptcy case or consummation of the Sale.   Each federal, state, or local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale and effectuate the purposes and provisions of this Order.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each Governmental Unit.  To the maximum extent available under applicable law, Purchaser shall be authorized to operate under any license, permit, registration, or governmental authorization or approval of the Debtor with respect to the Assets.

   3.8 All persons or entities that presently or on the Closing Date are in possession of any of the Assets, are hereby directed to surrender possession of same to Purchaser on the Closing Date.

   3.9 Effective upon the Closing Date and except to the extent expressly included in Assumed Liabilities or Permitted Encumbrances, all persons and entities, including all lenders, creditors, holders of equity interests, governmental authorities, contract counterparties, and/or other holders of Adverse Interests, whether legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, and whether arising prior to or subsequent to the commencement of this bankruptcy case, arising under or out of, in connection with, or in any way relating to, the Debtor, the Assets, or the Sale, hereby are forever barred and estopped from taking any actions to assert any Adverse Interests against the Purchaser or its affiliates or their respective property (including the Assets) (it being understood that any such Adverse Interests shall attach to the net Sale proceeds received by Debtor), including, without limitation, from taking any of the following actions: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing,

attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Purchaser or its affiliates or their respective property (including the Assets); (c) creating, perfecting, or enforcing any Adverse Interest against the Purchaser or its affiliates or their respective property (including the Assets); (d) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with this Order or the agreements or actions contemplated or taken in respect thereof; (e) revoking, terminating, failing, or refusing to renew any license, permit, or authorization in connection with the Assets; or (f) interfering with, preventing, restricting, prohibiting or otherwise enjoining consummation of the Sale.  No such persons or entities shall assert or pursue against Purchaser or its affiliates or their respective property (including the Assets), any such Adverse Interest directly or indirectly, in any manner whatsoever.

3.10    If any person or entity that has filed financing statements, mortgages, deeds of trust, mechanic's lien claims, lis pendens, or other documents or agreements evidencing claims against the Debtor or in the Assets, does not deliver to Debtor or to Purchaser prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and/or releases of all liens, claims, interests, and encumbrances that the person or entity has with respect to the Assets, then only with respect to the Assets, (a) the Debtor or Purchaser (or their proper designees) are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Assets, on or after the Closing Date, (b) the Purchaser (or its proper designee) is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, interests, and encumbrances against the

Assets as of the Closing Date, and (c) upon consummation of the Sale, Purchaser (or its proper designee) may seek, as necessary, in this Court to compel appropriate parties to execute termination statements, instruments of satisfaction, and releases of all liens, claims, interests, and encumbrances that are extinguished or otherwise released pursuant to this Order and any other provisions of the Bankruptcy Code, with respect to the purchased Assets. Notwithstanding the foregoing, the provisions of this Order shall be self-executing and neither the Debtor nor the Purchaser (or their proper designees) shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

       3.11    Purchaser and its respective successors, assigns, members, partners, principals, and shareholders (or equivalent) (collectively, the "Purchaser Entities") are not and shall not be (a) deemed a "successor" in any respect to the Debtor or its bankruptcy estate as a result of consummation of the Sale or any other event occurring in the bankruptcy case, under any theory of law or equity, including, without limitation, successor or transferee liability, (b) deemed to have, *de facto* or otherwise, merged or consolidated with or into the Debtor or its estate, (c) deemed to have a common identity with the Debtor, (d) deemed to have or be a mere continuation or substantial continuation of the Debtor or any enterprise of the Debtor, or an alter ego of the Debtor or any enterprise of the Debtor, in each case of the foregoing, under any theory of law or equity.   Purchaser shall not assume or in any way be responsible for any claim, debt, liability, encumbrance, or other obligation whatsoever of the Debtor or the bankruptcy estate, except to the extent expressly provided in the APA.

       3.12    Purchaser shall have no successor or vicarious liabilities of any kind or character with respect to the purchased Assets (except as may be specified in the APA),

including without limitation no successor or vicarious liabilities for: (a) any employment-related agreements or liabilities; (b) any pension, health, welfare, compensation, or multiemployer plan (as such term is defined in connection with the Employee Retirement Income Security Act of 1974, as amended), or other employee benefit plans, agreements, liabilities, practices, or programs; (d) any claims that might otherwise arise under or pursuant to any state wages, workers' compensation, or unemployment laws; (e) any environmental laws, rules, or regulations, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq.*, or similar state statutes; (f) any state or federal tax laws, regulations or ordinances; and (g) any common law doctrine of *de facto* merger or successor or transferee liability, successor-in-interest liability theory, or any other theory of or related to successor liability.

3.13    Subject to the terms and provisions of the APA, Purchaser is hereby authorized in connection with consummation of the Sale to transfer or assign any of the Assets to its nominees, in a manner as Purchaser, in its sole and absolute discretion, deems appropriate, with all of the rights and protections accorded under this Order and the APA, and the Debtor shall cooperate with and take all actions reasonably requested by Purchaser to effectuate any of the foregoing.

**Section 4.**    <u>**Assumption and Assignment of Contracts.**</u>

4.1    [N/A]

**Section 5.**    <u>**Net Sale Proceeds**</u>

5.1    As soon as reasonably practicable and in no event later than ten (10) business days following the Closing Date, and upon good faith reconciliation efforts undertaken among Debtor and Keystone representatives and subject to the terms of any APA or other further

agreement reached with Keystone or subject to the terms and provisions of any other Court order, the Debtor shall wire transfer to Keystone net cash Sale proceeds received by Debtor that are equal to the agreed amount of then-outstanding DIP Financing obligations due from and currently payable by Debtor under the terms and provisions of the Final Financing Order and related DIP Term Sheet.  For the avoidance of doubt, such payment shall be consistent with the terms of the Final Financing Order and DIP Term Sheet and shall be made after payment of any amounts payable under this Order and in connection with consummation of the Sale, including any amounts payable to Hilco under its employment agreement and prior order, and other usual and customary amounts that may need to be paid in connection with Closing and consummation of the Sale (such as recording fees, etc., all as further subject to the terms and provisions of the APA).

5.2     Nothing in this Order shall impair, modify, or otherwise affect the terms and provisions of the Final Financing Order and DIP Term Sheet.

5.3     Other than as set forth herein, the Debtor shall hold the balance of net cash Sale proceeds in a segregated account until further order of this Court.

**Section 6.     <u>Additional Provisions</u>**

6.1     <u>Authorization</u>.  The Debtor, including its respective officers and agents, is hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out and effectuate the transactions contemplated by this Order and the APA.

6.2     <u>Good Faith</u>.  The Sale is undertaken by Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code.  Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and as such is entitled to the full protections of that section.  Accordingly, the reversal, modification or vacatur on appeal of the authorization provided herein to consummate the Sale shall not affect the validity or

enforceability of the Sale or the obligations addressed or rights granted pursuant to the terms of this Order, unless such authorization and consummation of such Sale are duly and properly stayed pending appeal.  Purchaser has not colluded with any other bidders or any other parties and therefore the Sale may not be avoided pursuant to section 363(n) of the Bankruptcy Code or any other applicable law or statute.

6.3    Cooperation.  From time to time, as and when reasonably requested by an APA party, the other APA party shall cause to be executed and delivered all such documents and instruments and shall cause to be taken all such other actions as such other party may reasonably deem necessary or desirable to consummate the Sale, including such actions as may be necessary to vest or confirm in the Purchaser its right, title and interest in and to the Assets.

6.4    Scope of Approval.  The failure specifically to include in this Order any particular provisions of the APA, including any provisions of the documents, agreements, or instruments executed in connection therewith, shall not diminish or impair the efficacy, approval, or effectiveness of such provisions, it being the intent of this Court that the APA and all related documents, agreements, or instruments be authorized and approved in their entirety.

6.5    Notice of Sale Closing.  Within three (3) Business Days of the occurrence of a Sale Closing, the Debtor shall file and serve a notice of same.

6.6    Computations of Time Periods.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.7    Modifications.  Without further order of this Court, and to effectuate and implement the terms of this Order, the parties to the APA may make any non-material modifications, adjustments, amendments or supplements to the APA and any related agreements, documents or other instruments in accordance with the terms thereof.

6.8    <u>No Stay</u>.    Notwithstanding Bankruptcy Rules 6004(h) and 7062, this Order shall not be stayed after entry hereof, but rather shall be final, effective, and enforceable immediately upon entry.  The fourteen (14) day stay provided in Bankruptcy Rule 6004(h) is waived and shall not apply.

6.9    <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA and each of the agreements executed in connection therewith and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, the APA, or this Order.